514 A.2d 630

COMMONWEALTH of Pennsylvania

v.

**Charles Alden ROUNDS, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed Sept. 4, 1986.

Petition for Allowance of Appeal Granted March 2, 1987.

318

---

Robert E. McBride, Erie, for appellant.

Ernest J. DiSantis, Assistant District Attorney, Erie, for Com., appellee.

Before BECK, POPOVICH and HANDLER *, JJ.

POPOVICH, Judge:

This case is on remand from the Pennsylvania Supreme Court for the disposition of Charles Alden Rounds, Sr.'s remaining allegations of error. The Supreme Court reversed the order of this panel vacating the judgment of sentence and remanding for a new trial because the alleged trial court error had, in fact, not been preserved for appellate review because of waiver. *Commonwealth v. Rounds*, 510 Pa. 524, 510 A.2d 348 (1986).

The facts, having already been set forth in the Supreme Court's opinion, need not be repeated here.

The appellant properly raises for our consideration, this being the first occasion that he is represented by counsel unassociated with trial counsel (see *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977)), three issues assailing the competency of his trial counsel.

The first claim to be treated alleges that trial counsel was ineffective in failing to object to the victim testifying that he told his brother that the appellant, their father, "did sex to me." Aside from the allegation being of the boiler-plate variety requiring dismissal (see *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981)), we note that appellate counsel's contention that the testimony was "hearsay" in nature, requiring the lodging of an objection by prior counsel, is specious.

Traditionally, the term "hearsay" relates to and the exclusion of evidence (whether it be spoken or written) offered in court "as an assertion to show the truth of matters asserted therein, and thus rests for its value upon the credibility of the out-of-court asserter." McCormick on Evidence, § 246 at 584 (1972). As noted in the Federal Rules of Evidence 801 (1971), the word has been defined as follows:

> (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at trial or hearing,

* Judge Earl R. Handler, Senior Judge of the Court of Common Pleas of Indiana County, is sitting by designation.

offered in evidence to prove the truth of the matter asserted.

Stated differently, it is evidence offered in court by a witness which is based not on his own knowledge, but on what some other person has stated, and the statement is offered to show the truth of its content. Wharton's Criminal Evidence, § 265 at 3–4 (1972).

■ The reason that such evidence is subject to exclusion is related to the fact that the *declarant* is not in court, and the safeguards of cross-examination afforded by the Fourth Amendment to the United States Constitution (to face one's accusers) are rendered nugatory. See McCormick on Evidence, supra at 585; Wharton's Criminal Evidence, supra at 6.

■ Instantly, this was not the case since the declarant, who observed the act to which he testified, was in court and subject to cross-examination. Therefore, under no interpretation of the rules of evidence can the victim's testimony, as to what the appellant did to him, be "hearsay". To state otherwise would be an aberration of the law.

The second assertion concerns the allegation that trial counsel was inept in not objecting to the victim testifying that "he was currently living in a foster home ... [and] that at various times in the past he had lived in other foster homes." Similar testimony was given by another witness (a Ms. Pamela Millspaw).

This, appellate counsel argues, when coupled with the disclosure that the "victim had again been placed in a foster home as a result of the instant criminal charges," was highly prejudicial in that the jury "might well have concluded" that the placement of the victim previously in such homes was the product of the appellant's commission of "prior bad acts or prior crimes".

Under the law of this jurisdiction:

" 'To warrant a characterization as prejudicial the testimony must convey to the jury, either expressly or by reasonable implication, the fact of a prior criminal of-

fense.'" (Emphasis added) *Commonwealth v. Starks*, 484 Pa. 399, 399 A.2d 353, 357 (1979), *quoting Commonwealth v. Riggins*, 478 Pa. 222, 386 A.2d 520 (1978) *see generally Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978); *Commonwealth v. Hall*, 264 Pa.Super. 261, 399 A.2d 767 (1979).

*Commonwealth v. Potts*, 314 Pa.Super. 256, 274, 460 A.2d 1127, 1136 (1983).

■ We have examined the transcript of the trial, and, although the victim testified to being presently in a foster home, there was no evidence linking the victim's foster status to the charges lodged against the appellant. Thus, we fail to discern any nexus between the challenged testimony and the purported inference flowing therefrom of prior criminal conduct on the part of the appellant prejudicing his right to a fair trial. *Id.*

■ Lastly, counsel for the appellant contends that trial counsel was less than effective for not objecting to the Commonwealth's expert witness (Dr. Fagenholtz) opining that: "I have no reservation in saying that I'm sure [the victim] was sexually abused."

The fact that the doctor was a specialist in pediatrics did not preclude her from offering the challenged opinion.

Under Pennsylvania law, a physician may testify as an expert in a field outside his own specialty. *Arnold v. Loose*, 352 F.2d 959 (3d C.1965), reh. den. (construing Pennsylvania law in an action brought under the Wrongful Death and Survival Acts). Once an expert shows some factual basis for his opinion, his testimony is admissible. *Kravinsky v. Glover*, 263 Pa.Super. 8, 396 A.2d 1349 (1979); *Commonwealth v. Oates*, 269 Pa.Super. 157, 409 A.2d 112 (1979). A physician need not have any field of specialization in order to be competent to offer expert testimony. *Workmen's Compensation Appeal Board v. Branch Motor Express*, 18 Pa.Commw. 262, 334 A.2d 847 (1975).

*Commonwealth v. Owens,* 321 Pa.Super. 122, 127–28, 467 A.2d 1159, 1162 (1983).

At bar, Dr. Fagenholtz testified to having specifically devoted a portion of her practice to treating "sexually and physically abused children[.]" The number totalled "about a hundred a year." She also went on to recount how she examined the victim and took a history of the patient. Thus, the witness had a factual basis for the opinion given regarding her belief that the victim had been sexually abused.

To the extent that the doctor stated that the physical evidence did not indicate abuse, she qualified this by stating that given the lapse of time between the abuse and the exam (here five months), the result is consistent under these circumstances with the other patients she has treated, i.e., "Ninety percent of the children [she has seen] have negative exams."

Based on the preceding, we find no evidence that trial counsel was ineffective in the manner he represented the appellant. Accordingly, the relief requested is denied.

Judgment of sentence affirmed.