J-S58030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF:  B.N.B., A MINOR,<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br>No. 568 MDA 2015 |

Appeal from the Dispositional Order of February 25, 2015
In the Court of Common Pleas of Lancaster County
Juvenile Division at No(s): CP-36-JV-0000021-2014
CP-36-JV-0000022-2014

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 14, 2016**

Appellant, B.N.B., appeals from the order of disposition entered on February 25, 2015.  We affirm.

The juvenile court provided a thorough and well-written summary of the underlying facts and procedural posture of this case.  As the juvenile court explained, following an adjudicatory hearing, it concluded that the Commonwealth proved the following facts beyond a reasonable doubt:

> [J.H., who was born in August 2001, was one of Appellant's victims. Appellant] and J.H. often played together at [Appellant's] residence in Columbia, Pennsylvania.  On one occasion [] when J.H. was [11] years old, she played hide and seek with [Appellant] and her brother in [Appellant's] bedroom.  When the children began playing, J.H. and [Appellant] began as hiders and J.H. hid herself in a dark closet.  [Appellant] later entered the closet and sat next to J.H.  While there, [Appellant] laid his leg across the leg of J.H., making her feel "very uncomfortable."  Later [that day], when [Appellant] became the seeker, J.H. hid between a pair of mattresses.  When [Appellant] found J.H., he reached between the mattresses and began rubbing his

* Retired Senior Judge assigned to the Superior Court

hand across J.H.'s butt for a period of at least five []
seconds. J.H. responded by asking [Appellant] to stop, but
[Appellant] persisted in touching her butt. J.H. then moved
away to stop the touching and later told her [m]other about
the incident.

. . .

[A.H.W., who was born in February 1998, was another of
Appellant's victims.] A.H.W. often stayed overnight at the
residence of [Appellant, who was] her cousin. A.H.W. would
sleep in [Appellant's] bedroom along with her siblings.
A.H.W. testified that during the night[, Appellant] would
touch her vaginal area and breasts while A.H.W. and her
siblings slept in the same bedroom. The last occasion
A.H.W. could recall of [Appellant] touching her was when
she was [10 years old]. [At this time, Appellant]
approached [A.H.W.] at night and said nothing. Like on
prior occasions, [Appellant] proceeded to touch her vaginal
area and her breasts. A.H.W. could not recall whether she
was clothed or not at the time. However, A.H.W. could
recall that on [the prior] occasions[,] she was clothed.
A.H.W. testified that she would tell [Appellant] to stop but
could not recall whether [Appellant] stopped on this
occasion. A.H.W. did not immediately tell her family of the
incident out of fear of the [perceived] consequences. [Yet,
in August 2013,] A.H.W. [] reveal[ed] that [Appellant had]
touched her private areas. . . .

[In 2014, Appellant was arrested and accused of committing
the above acts, which, if Appellant were an adult, would
have constituted two counts of indecent assault upon a
person who is less than 13 years of age.[1] With respect to
the above acts, the relevant portions of the juvenile
petitions filed against Appellant declared:

[Juvenile Petition 21] COUNT #2: (Indecent Assault)
(M1)

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

In violation of section 3126(a) of the Pennsylvania Crimes Code, [Appellant], on or between 1 January 2013 and 15 July 2013, did unlawfully have indecent contact with [J.H.] to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and when the other person is less than 13 years of age; to wit: [Appellant] did intentionally touch the victim J.H. (DOB [August 2001]), on her buttocks when the victim [was] less than 13 years of age, in a bedroom of the home located at [_____] Street, Columbia, Pennsylvania.

. . .

[Juvenile Petition 22] COUNT #1: (Indecent Assault) (M1)
In violation of section 3126(a) of the Pennsylvania Crimes Code, [Appellant], on or between 1 January 2007 and 15 July 2012, did unlawfully, have indecent contact with [A.H.W.], or caus[ed] [A.H.W.] to have indecent contact with the person or intentionally cause[d A.H.W.] to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and when the other person is less than 13 years of age; to wit: [Appellant] did intentionally touch the victim, A.H.W. (DOB: [February 1998]) when she was 8 or 9 years old on her chest and vaginal area with his hand at [_____] Street, Marietta, Pennsylvania.

Juvenile Petition 21, 1/17/14 at 2; Juvenile Petition 22, 1/17/14, at 1].

At the conclusion of the [June 5, 2014 adjudicatory] hearing, the [juvenile court] adjudicated [Appellant] delinquent [for committing the two acts of indecent assault and, on February 25, 2015, the juvenile court entered its order of disposition in the matter, finding Appellant in need of guidance and supervision and placing Appellant on probation under the supervision of the county juvenile probation office.]

- 3 -

Juvenile Court Opinion, 5/22/15, at 4-5 (internal citations omitted).

Appellant filed a timely notice of appeal from the order of disposition and Appellant now raises the following claim to this Court:[2]

> Was the evidence presented by the Commonwealth insufficient to sustain an adjudication of delinquency where the Commonwealth was unable to establish with reasonable certainty dates whe[n] the incidents were alleged to have occurred?

Appellant's Brief at 5.

Appellant challenges the sufficiency of the evidence supporting his adjudication of delinquency. We review Appellant's sufficiency challenge under the following standard:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every

_____

[2] The juvenile court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied and listed the above sufficiency of the evidence claim in his Rule 1925(b) statement. Appellant's Rule 1925(b) Statement, 4/27/15, at 1.

element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a [juvenile's] innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re A.V.*, 48 A.3d 1251, 1252-1253 (Pa. Super. 2012) (internal quotations and citations omitted). Further, the "trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005).

According to Appellant, the evidence was insufficient to support his adjudications because the Commonwealth was unable to "prove the date of the offense[s] with sufficient particularity to sustain [the adjudications]." Appellant's Brief at 13. Within Appellant's brief to this Court, Appellant does not claim that the Commonwealth's alleged failings either placed an undue burden upon or caused him to forgo any specific defense. Instead, Appellant essentially claims that the periods of time – within which the Commonwealth proved that Appellant's two instances of illegal conduct occurred – were *per se* "insufficient to sustain [the] adjudication[s] of delinquency in this case."[3] *Id.* at 16. This claim fails.

_____

[3] The "date of the offense" is not an element of the crime of indecent assault. Nevertheless, as this Court has held, a claim that the Commonwealth failed to "fix the date when [the] alleged offenses occurred
*(Footnote Continued Next Page)*

On appeal, Appellant relies primarily upon the Pennsylvania Supreme Court's opinion in ***Commonwealth v. Devlin***, 333 A.2d 888 (Pa. 1975). In the ***Devlin*** case, Mr. Devlin was arrested and accused of committing sodomy against a 22-year-old individual "who had the mental ability of a first or second grade child and the emotional stability of an even younger child." ***Id.*** at 889. At trial, the Commonwealth presented evidence that Mr. Devlin had sodomized the victim one time – and that "the crime occurred some time within a [14-]month period from February 1971 to April 1972." ***Id.***

At the conclusion of the Commonwealth's case, Mr. Devlin "demurred to the prosecution's evidence on the ground that the Commonwealth had not fixed the date of the crime with sufficient particularity, and thus the charge was impossible to defend." ***Id.*** at 890. The trial court denied Mr. Devlin's motion and, after Mr. Devlin was convicted of sodomy, Mr. Devlin appealed

*(Footnote Continued)* ───────────────

with reasonable certainty [at trial]" is one that implicates the sufficiency of the evidence. ***Commonwealth v. Robinson***, 462 A.2d 840, 841-842 (Pa. Super. 1983); ***see also Commonwealth v. Groff***, 548 A.2d 1237, 1241 (Pa. Super. 1988) ("[the a]ppellant faults his trial counsel for failing to preserve the issue of whether the Commonwealth denied him due process of law. More specifically, appellant maintains that the Commonwealth violated his rights under ***Commonwealth v. Devlin***, 333 A.2d 888 (Pa. 1975), which held that the prosecution must fix the date when an alleged offense occurred with reasonable certainty. A ***Devlin*** claim is a form of motion in arrest of judgment; if the claim is meritorious, the proper remedy is to vacate judgment of sentence and discharge the defendant") (internal citations omitted); ***Commonwealth v. Manchas***, 633 A.2d 618 (Pa. Super. 1993) ("[t]he proper procedure to challenge the sufficiency of the evidence is by a post-verdict motion in arrest of judgment") (internal citations omitted).

to the Pennsylvania Supreme Court. The sole issue before the Supreme Court was "whether the Commonwealth proved the date of the crime with sufficient particularity to uphold the conviction." **Id.** at 889.

In analyzing the claim, the **Devlin** Court initially quoted, with approval, an earlier statement from this Court regarding the applicable rule of law:

> It may be conceded that in the prosecution of crimes of the kind here involved the Commonwealth is not required to prove their commission on the date laid in the indictment, but, failing in that, we think it has the burden, in order to sustain a conviction, of proving their commission upon some other date, fixed with reasonable certainty and being within the prescribed statutory period.
>
> In other words, where a particular date or day of the week is not of the essence of the offense, the date laid in the indictment is not controlling, but some other reasonably definite date must be established with sufficient particularity to advise the jury and the defendant of the time the Commonwealth alleges the offense was actually committed, and to enable the defendant to know what dates and period of time he must cover if his defense is an alibi.
>
> We do not understand the rule of the cases to be that the Commonwealth need not prove any date at all, but can sustain a conviction merely by proving that the offense must have been committed upon some unshown date within the statutory period. Our attention has not been called to any case so holding.

**Devlin**, 333 A.2d at 890 (internal quotations, corrections, and citations omitted), *quoting* **Commonwealth v. Levy**, 23 A.2d 97, 99 (Pa. Super. 1941).

As the ***Devlin*** Court explained, the above rule of law – that the "date of the commission of the offense must be fixed with reasonable certainty" – is required by both the Due Process Clause of the 14th Amendment to the United States Constitution and Article 1, Section 9, of the Pennsylvania Constitution. ***Devlin***, 333 A.2d at 891. Specifically, the ***Devlin*** Court held, the rule was required in order to protect the defendant's "opportunity to defend" himself and, thus, to protect the defendant's procedural due process rights. ***Id.*** According to the ***Devlin*** Court:

> Under the Federal Constitution, if the opportunity to defend is inadequate, the defendant is denied due process of law. While not capable of exact definition, the basic elements of procedural due process are adequate notice, opportunity to be heard, and a chance to defend one-self before a fair and impartial tribunal having jurisdiction of the case. In our adversary system of justice, it is axiomatic that a party is entitled to a fair hearing. The Federal Due Process Clause and the State "law of the land" provision guarantee the fundamental fairness of that hearing. To defend a charge of conduct occurring anywhere within a [14]-month period was, **for this appellant**, a fundamentally unfair burden

***Id.*** (internal quotations and citations omitted) (emphasis added).

The ***Devlin*** Court then went on to explain why, "for this appellant," to "defend a charge of conduct occurring anywhere within a [14]-month period . . . was a fundamentally unfair burden." ***Id.*** (emphasis added). As the ***Devlin*** Court explained, the unreasonably large time period prejudiced Mr. Devlin's ability to defend himself in three ways. First, the ***Devlin*** Court held, since "the credibility of the victim was a serious issue" at trial, the Commonwealth's failure to provide Mr. Devlin with "a sufficiently particular

- 8 -

period of time to defend [] precluded [Mr. Devlin] from further attacking the credibility of the victim by showing (1) behavior of the victim after the incident which was inconsistent with the extremely severe conduct to which the victim was allegedly subjected, and (2) the physical and emotional trauma which would have necessarily resulted therefrom." *Id.* Second, Mr. Devlin's defense was prejudiced because the expansive time frame prevented Mr. Devlin from "attempt[ing] to prove that the victim did not visit his house on the date in question." *Id.* Finally, the *Devlin* Court held, "notification of an alibi defense was a futile gesture in this case because the date laid in the indictment was obviously an arbitrary one . . . [and] it would have been an impossible burden for [Mr. Devlin] to offer an alibi defense for a [14]-month period." *Id.* at 892.

The Supreme Court thus vacated Mr. Devlin's judgment of sentence and ordered him discharged. However, before it did so, the *Devlin* Court explained that its holding was not susceptible to a *per se* rule. According to the *Devlin* Court:

> Here, as elsewhere, [t]he pattern of due process is picked out in the facts and circumstances of each case. Du[e] process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. **Certainly the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused**.

*Id.* (internal quotations and citations omitted) (emphasis added).

Thus, in ***Devlin***, our Supreme Court refused to adopt a *per se* rule regarding the "degree of specificity in the proof of the date of a crime." ***Id.*** Instead, the Supreme Court "opted for a balancing approach to resolve conflicting interests of the accused *vis-à-vis* the victim [and the Commonwealth] when it came to the specificity required to be proven as to the time-frame of the alleged crime." ***Commonwealth v. Fanelli***, 547 A.2d 1201, 1204 (Pa. Super. 1988) (*en banc*), *abrogated on other grounds by* ***Commonwealth v. Hutchinson***, 556 A.2d 370 (Pa. 1989).

In the case at bar, Appellant's ***Devlin*** claim immediately fails, as Appellant "has [not] asserted how the lack of specificity in the information or the victim's testimony rendered him unable to prepare a defense to the charges brought against him." ***See Commonwealth v. Brooks***, 7 A.3d 852, 860 (Pa. Super. 2010) (holding that the defendant's ***Devlin*** claim failed because the defendant failed to explain how he was prejudiced by the Commonwealth's failure to fix the date of the crime with more specificity). Certainly, Appellant has not raised any claim or made any assertion that the Commonwealth's failure to prove the dates of the commission of the offenses with greater specificity either placed an undue burden upon or caused him to forgo any specific defense. ***See*** Appellant's Brief at 11-18. Therefore, since Appellant has not raised any claim of prejudice, the ***Devlin*** balancing test requires that we conclude that, in this case, the Commonwealth's failure to prove the dates of the crimes with greater

specificity did not violate Appellant's due process rights and that Appellant's sufficiency of the evidence claim fails as a matter of law.

Order of disposition affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2016