409 A.2d 112

## COMMONWEALTH of Pennsylvania

v.

## Larry OATES, Appellant.

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Aug. 31, 1979.

R. Kerry Kalmbach, Assistant Public Defender, West Chester, for appellant.

Joan D. Lasensky, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

At 10:15 a. m. on August 9, 1974, the body of Elaine Kurtz was found in the doorway of the beauty supply shop which she owned in Coatesville. She had been stabbed three times; a blood-stained knife was found beside her body. Witnesses said that a blond man wearing a dungaree jacket and blue jeans had been seen running from the store. Later that day, appellant, Larry Oates, was apprehended in the home of his aunt and uncle, where he was found hiding in the rafters. A pair of damp, freshly laundered blue jeans and a dungaree jacket were found hanging in the home.

At trial, Oates was identified by one of the witnesses as the man who had fled the murder scene. The weapon found at the store was identified by Ella Marie Herrewyn, with whom Oates was staying prior to the victim's death. Her testimony revealed further that on the morning of August 9, 1974, she had accompanied Oates to Coatesville, where she parted company with him in the vicinity of the victim's store. One half hour later—at 10:30 a. m.—Oates reappeared with a dark stain on his jeans and blood on his hand. He displayed some blood-stained money to Herrewyn, stating that he had stabbed "a girl in a wig shop" and taken the money.

Oates was convicted of first degree murder and robbery. In this appeal, he raises seven allegations of error. Finding

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

them all to be meritless, we will affirm the judgment of sentence.

■ Appellant's first argument is that the Commonwealth's evidence was insufficient to show that the killing occurred during the course of a robbery. There is no merit in this argument. In addition to appellant's display of blood-stained money to Ella Marie Herrewyn and his statement that he had taken the money, the Commonwealth proved that the decedent's cash register was empty immediately following the killing. It also offered testimony from the decedent's business partner that every night for ten years the business had left the sum of $30 in the cash register with which to make change at the start of business on the following day. This evidence was sufficient to support a finding that the killing had occurred during the course of a robbery. See: *Commonwealth v. Tallon,* 478 Pa. 468, 387 A.2d 77 (1978).

■ Appellant also argues that the trial court erred in allowing the Commonwealth to amend the indictment prior to trial and again during trial. This was not error. Pa.R. Crim.P. 220 allows an indictment to be amended where there is a defect in the description of the offense, provided the indictment as amended does not charge an additional or different offense. *Commonwealth v. Jones,* 250 Pa.Super. 471, 378 A.2d 1245 (1977). The amendments here, which added: "in the course of committing a theft" and "inflict serious bodily injury upon another," merely clarified the charge already contained in the indictment, i. e. robbery. Appellant was fully aware of this charge and had, in fact, previously received a bill of particulars from the Commonwealth. Therefore, he was not prejudiced by the several amendments. *Commonwealth v. Brown,* 229 Pa.Super. 67, 323 A.2d 845 (1974). See also: *Commonwealth v. Fowler,* 259 Pa.Super. 314, 393 A.2d 844 (1978); *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 361 A.2d 746 (1976).

■ Appellant's next argument is that the trial court erred in allowing a forensic pathologist to testify regarding

the amount of force necessary to inflict the wounds sustained by the victim, and whether that force could fracture a rib and cause a bend in the knife blade. Expert testimony is allowable where, as here, the "subject matter is distinctly related to a science or occupation beyond the knowledge of the average layman, and the witness . . . ha[s] been qualified as possessing the skill, knowledge and experience of one trained in the field . . .." *Commonwealth v. Newsome,* 462 Pa. 106, 337 A.2d 904 (1975). It was not essential that a metallurgist be called to testify to the cause of the bend in the knife. The issue was whether a knife blow, delivered with such force that it cut through a human rib, could have caused a bend in the knife. We perceive no error in receiving this testimony from the pathologist. In general, his testimony related to the location and depth of the wounds, the type of weapon which could cause those wounds, and the force necessary to inflict such wounds, all subjects which were uniquely within the expertise of a forensic pathologist. See: *Commonwealth v. Gonzales,* 463 Pa. 597, 602, 345 A.2d 691, 693 (1975), where a coroner who had examined the victim after death was properly allowed to testify regarding the direction and distance of the fatal bullet since he was familiar with gunshot wounds and had viewed the residue of shots in the victim's wounds. See also: *Commonwealth v. Ross,* 452 Pa. 500, 507, 307 A.2d 898, 901 (1973).

■ The trial court also did not err in receiving into evidence photographs of the scene of the crime and the victim's blood-stained blouse. These black and white photos were not inflammatory, but rather had significant probative value to show the location of the stabbing, the layout of the store, the path taken by the victim to the doorway, and the wounds inflicted. Their admission, therefore, was properly within the discretion of the court. See: *Commonwealth v. Ross,* supra, 452 Pa. at 505, 307 A.2d at 900; *Commonwealth v. Sullivan,* 450 Pa. 273, 280, 299 A.2d 608, 612 (1973).

■ Appellant challenges the admission of his jeans and jacket into evidence on the grounds that they were the fruit

of an illegal search. We disagree. The items of clothing were found hanging in plain view in a home which the police were searching with the consent of both owners. Appellant made no showing that he had a reasonable expectation of privacy in the home of his aunt and uncle. If an individual has no such reasonable expectation, then he cannot object to a search of premises to which the owner has consented. *Commonwealth v. Latshaw,* 481 Pa. 298, 392 A.2d 1301 (1978). See also: *Commonwealth v. Harris,* 479 Pa. 131, 387 A.2d 869 (1978) (when police have a lawful right to be in the position of observation, they can lawfully seize objects in plain view); *Commonwealth v. Lassiter,* 457 Pa. 582, 321 A.2d 902 (1974).

■ Contrary to appellant's contention, we find no prejudice to appellant from the manner in which the prosecutor handled the victim's blood-stained skirt. The skirt, part of a collection of garments, was merely placed on the witness stand while a Commonwealth witness was testifying. The skirt was neither identified nor unfolded. It was not offered into evidence, and it was not otherwise displayed to the jury. The trial court, therefore, did not abuse its discretion in denying a defense motion for mistrial. *Commonwealth v. Reynolds,* 256 Pa.Super. 259, 389 A.2d 1113 (1978). See also: *Commonwealth v. Davis,* 466 Pa. 102, 351 A.2d 642 (1976).

■ The final issue raised by appellant concerns the admission into evidence of certain Commonwealth exhibits for which, it is argued, a complete chain of custody was not shown. We have recently reiterated that the Commonwealth need not show a complete chain of custody—it is sufficient to show evidence establishing a reasonable inference that the identity and condition of the evidence have remained the same from the time it was first received until the time of trial. *Commonwealth v. Mayfield,* 262 Pa.Super. 96, 396 A.2d 662 (1978). We are satisfied that the Commonwealth's evidence satisfied this standard. See: *Commonwealth v. Miller,* 234 Pa.Super. 146, 339 A.2d 573 (1975); *Commonwealth v. Jenkins,* 231 Pa.Super. 266, 332 A.2d 490 (1974).

164

For the foregoing reasons, it appears that appellant received a fair trial and the judgment of sentence, therefore, will be affirmed.

Judgment of sentence affirmed.