452 A.2d 1064

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Romano R. CUGNINI.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1981.

Filed Nov. 19, 1982.

114

Dennis McAndrews, Assistant District Attorney, Media, for Commonwealth, appellee.

Francis Recchuiti, Norristown, for appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

This Commonwealth appeal is brought from the trial court's order sustaining defendant's demurrer at the close of the prosecution's evidence in a non-jury trial. The Commonwealth contends that the evidence advanced by it and the reasonable inferences arising therefrom are sufficient to support a verdict of guilty of the crimes charged and that the demurrer was therefore erroneously sustained. We agree.

As a result of the search of his home on December 11, 1980, defendant Cugnini was charged with possession of a controlled substance, 35 P.S. § 780–113(a)(16), and possession of a controlled substance with intent to deliver, 35 P.S. § 780–113(a)(30). The search, conducted by state and local police pursuant to a valid warrant, covered the entire house and resulted in the seizure of various items, including substances believed to be narcotics, paraphernalia associated with the use or sale of drugs, and letters, papers and clothing connecting defendant with the searched premises.

At trial, the articles seized were offered as exhibits by the Commonwealth and were identified by State Trooper Thomas Stern, the prosecution's only witness. Trooper Stern testified that the entire home had been searched and that he had inventoried and taken into his possession all of the property seized as a result of that search. He stated that he had personally searched only one bedroom of the house and had found and inventoried a total of 206 grams of marijuana in a number of small plastic bags, 100 methaqualone tablets, .72 grams of cocaine, a centigram scale, a Deering strainer and various letters and papers in that room. In other rooms he inventoried and took possession of items found and pointed out to him by other troopers. He testi-

fied that these items were not disturbed between the time of their discovery by the other troopers and the time at which he inventoried and seized them. At the close of Trooper Stern's testimony, the court admitted into evidence most of the Commonwealth's exhibits, including all of the controlled substances seized in the various rooms of the house and the apparatus found by Trooper Stern in the bedroom that he searched. The Commonwealth then rested its case. Defendant demurred, and the demurrer was sustained by the court.

The test to be applied in ruling on a demurrer by a defendant is whether the Commonwealth's evidence and all reasonable inferences therefrom are sufficient to support a verdict of guilty of the crime under consideration. *Commonwealth v. Smith,* 262 Pa.Super. 258, 267, 396 A.2d 744, 748 (1978). In applying this test, the trial judge is to read the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Kaulback,* 256 Pa.Super. 13, 15, 389 A.2d 152, 153 (1978). The trial judge should not, at this stage, weigh the evidence or pass on the credibility of witnesses. Rather, the court should apply the law to the facts as inferable from the Commonwealth's evidence and determine, not whether it would find the defendant guilty on the evidence, but whether the evidence is legally sufficient to sustain a verdict of guilty. *See Commonwealth v. Parrish,* 250 Pa.Super. 176, 180, 378 A.2d 884, 885–86 (1977).

Here, the trial court determined that the evidence was "insufficient by virtue of the manner and method by which it was discovered, seized, accounted for, marked for identification and preserved for trial." Opinion of the lower court at 7. On these facts, we think that the lower court erred in holding that flaws in the chain of custody of the Commonwealth evidence so destroyed its probative value as to render it insufficient as a matter of law to support a verdict of guilty.

While the Commonwealth bears the burden of demonstrating some reasonable connection between the prof-

erred exhibits and the true evidence, *Commonwealth v. Pedano,* 266 Pa.Super. 461, 467, 405 A.2d 525, 528 (1979), it need not establish the sanctity of its exhibits beyond a moral certainty. *E.g., Commonwealth v. Miller,* 234 Pa.Super. 146, 155, 339 A.2d 573, 578 (1975), *aff'd,* 469 Pa. 24, 364 A.2d 886 (1976). The Commonwealth need not produce every individual who came into contact with an item of evidence, nor must it eliminate every hypothetical possibility of tampering. *Commonwealth v. Rick,* 244 Pa.Super. 33, 38, 366 A.2d 302, 304 (1976). A complete chain of custody is not required so long as the Commonwealth's evidence, direct and circumstantial, establishes a reasonable inference that the identity and condition of the exhibits have remained the same from the time they were first received until the time of trial. *Commonwealth v. Oates,* 269 Pa.Super. 157, 163, 409 A.2d 112, 115 (1979); *Commonwealth v. Miller, supra.* Any gaps in testimony regarding the chain of custody go to the weight to be given the testimony, not to its admissibility. *Commonwealth v. Bolden,* 486 Pa. 383, 388–89, 406 A.2d 333, 335–36 (1979).

The trial court properly applied these principles in ruling that the Commonwealth's exhibits were admissible into evidence. In ruling on the defendant's demurrer, however, the court went beyond a purely legal determination of sufficiency of the evidence. Once it had determined that the chain of custody was demonstrated to an extent that established the relevance, and therefore the admissibility, of the Commonwealth exhibits, its further consideration of chain of custody problems and inconsistencies in Trooper Stern's testimony amounted to a weighing of evidence beyond the province of the court at the demurrer stage.

The trial court's grant of defendant's demurrer turned on its doubts about the chain of custody of the Commonwealth's exhibits during the period between the discovery of the exhibits by various state troopers and their seizure and inventory by Stern. We think that Trooper Stern's testimony regarding the method in which the search was conducted was sufficient to allow a fact finder to infer

118

that the evidence seized was not altered or tampered with during that period. Moreover, Stern's testimony established an unbroken chain of custody as to the items seized in the bedroom that he himself searched. Even if all of the Commonwealth's other evidence were discounted by the fact finder, these items, which included both controlled substances and apparatus associated with their sale, would have been sufficient to sustain a verdict of guilty of the crimes charged. We therefore find that defendant's demurrer was improperly sustained.

Order vacated, and case remanded for a new trial.