## Commonwealth v. Ryland

*Mark F. Morrison, assistant district attorney,* for the commonwealth.

*Donna Lowman,* for defendant.

FRANKS, *J.,* December 30, 1987—This case is before the court on defendant's omnibus pretrial motion. Defendant in support of the motion avers the following issues: (1) the blood-alcohol sample was taken in violation of defendant's rights; (2) the chain of custody regarding the blood sample was improper; (3) and (4) the prosecuting officer did not exercise due diligence in filing the criminal complaint and the delay caused grave prejudice to defendant. Defendant requests the court to dismiss the charges, or, in the alternative, to suppress the results of the blood-alcohol analysis. We refuse.

## STATEMENT OF FACTS

Defendant, Douglas Ryland, on November 26, 1986, in the city of Uniontown was involved in a two-car accident. Defendant was seriously injured and was transported to the Uniontown Hospital by an ambulance. The prosecuting officer, Corporal Kyle Sneddon of the Uniontown Police Department, viewed defendant in the trauma unit of the hospital. Defendant had his eyes closed and was unconscious. He testified he "got next to defendant's

mouth" and smelled a strong odor of alcohol. He requested a technician at the Uniontown Hospital Laboratory to withdraw blood from defendant based on the detection of alcohol in defendant's breath and because of the accident in which defendant was involved.

The blood was withdrawn by a laboratory technician and given to Corporal Sneddon. Because the next day, November 27, 1986, was Thanksgiving Day, Corporal Sneddon kept the sample of defendant's blood in a second refrigerator he had in the basement of his residence. On November 28, 1986, he transported the blood sample to the Greensburg State Police Crime Laboratory for analysis.

The police officer did not file a complaint until February 10, 1987, a period of 76 days after the accident. The police officer testified he waited this long because he was delaying any action until he got the blood-alcohol test report and because of a backlog of cases. Defendant was charged with driving under the influence of alcohol or controlled substance. 75 Pa.C.S. §3731(a)(1)(4).

## DISCUSSION

We first consider whether the blood taken from defendant was done so in violation of his Fourth Amendment rights as an unlawful search and seizure.

The Pennsylvania Motor Vehicle Code provides:

"Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving,

operating or in actual physical control of the movement of a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed." 75 Pa.C.S. §1547.

It has, therefore, been held that police officers may constitutionally conduct a chemical test of a suspect's blood even though they have not arrested him and without transporting him from the scene to have the blood tested, provided they have probable cause to believe the suspect has been driving under the influence of alcohol or a controlled substance. *Commonwealth v. Quarles*, 229 Pa. Super. 363, 324 A.2d 452(1974). The court has even ruled that where the police have probable cause, they might constitutionally test his blood even though the suspect is not conscious and thus cannot avail himself of the right to refuse the test, *Commonwealth v. Funk*, 254 Pa. Super. 233, 385 A.2d 995(1978).

Police may extract a person's blood for testing under an actual consent or via implied consent. In the instant case there was obviously no actual consent as defendant was unconscious. However, we conclude that defendant gave implied consent to the extraction of the blood sample. We so hold on the basis of 75 Pa.C.S.§547. This statute permits the test "if a police officer has reasonable grounds to believe the person to have been driving . . . a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved . . . required treatment at a medical facility . . . ."

In *Quarles, supra,* "reasonable grounds" was construed to mean "probable cause."

In the case sub judice, both the suspect and the other individual involved in the accident required medical treatment at a hospital, and the suspect also had the strong odor of alcohol on his breath. This, we conclude, amply justifies the "probable cause" requirement supporting the extraction of a blood sample by implied consent. Very much on point and very similar to this case is *Commonwealth v. Cieri,* 346 Pa. Super. 77, 88-9, 499 A.2d 317, 323 (1985), wherein the court wrote:

"We have concluded that the commonwealth's claim of implied consent is justified, for at the time the police received the sample of appellant's blood from Nurse Laird, they had probable cause to believe that appellant had been driving under the influence of alcohol or a controlled substance. They knew that a serious accident had occurred, causing extensive injuries; Sergeant Beadling's attempt to communicate with appellant was unsuccessful because of appellant's 'semiconscious' state; both the sergeant and Nurse Laird had smelled alcohol on appellant's breath." *Cieri, supra.*

For these reasons we refuse to suppress the blood-alcohol test results.

Next, we turn our attention to the chain of custody issue. Defendant argues that the procedure utilized by the police officer in handling the blood sample was improper. Specifically, defendant objects to Corporal Sneddon's keeping the blood in his second refrigerator in his home over the Thanksgiving Day holiday until he personally took it to the State Police Crime Laboratory. The blood was extracted from defendant during the early morning hours of November 27, 1986, Thanksgiving Day, and kept at his home refrigerator until November 28, 1986.

We fail to see how the chain of custody regarding the blood sample was so defective as to cause prejudice to defendant. Although the procedure utilized by Corporal Sneddon was not the best, we accept his testimony that under the circumstances, because of the Thanksgiving holiday, he found it necessary to store the blood sample in his basement refrigerator. He further testified that no one tampered with it, and that he personally transported the blood sample to the laboratory in Greensburg.

A complete chain of custody is not required so long as the commonwealth's evidence, direct and circumstantial, establishes a reasonable inference that the identity and condition of the exhibits have remained the same from the time they were first received until the time of trial. *Commonwealth v. Cugnini*, 307 Pa. Super. 113, 117, 452 A.2d 1064, 1065(1982). Any gaps in testimony regarding the chain of custody go to value and weight to be afforded the testimony, and not to its admissibility. *Commonwealth v. Bolden,* 386 Pa. 383, 406 A.2d 333(1975). We do not find any reason to grant defendant relief on this ground.

Finally, defendant complains that the delay in charging him lacked due diligence and caused him grave prejudice.

According to the police officer's testimony, defendant was not arrested and charged until 76 days after the accident in question. The cases under Pa.R.Crim.P. 130(d) calling for a dismissal of charges where a defendant is arrested for driving under the influence and requiring a complaint be filed within five days of release from arrest are not applicable in this case. Defendant was not arrested at the time of the accident or even at the time his blood was extracted. At the hearing, defendant did not testify as to any substantial prejudice that would

justify the severe action of dismissing the charges against him. We find none and deny this issue.

### CONCLUSION OF LAW

(1) Defendant's blood was not extracted in violation of his Fourth Amendment rights.

(2) The chain of custody of the blood sample was not defective.

(3) Although there was a substantial period of time between the accident and the filing of the complaint, defendant did not suffer grave prejudice.

Wherefore, we enter the following

### ORDER

And now, December 30, 1987, it is ordered, adjudged and directed that the relief sought by defendant in his omnibus pretrial motion is refused.