547 A.2d 1252

**COMMONWEALTH of Pennsylvania**

v.

**Robert D. ALARIE, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1988.

Filed Sept. 19, 1988.
Petition for Allowance of Appeal Denied March 16, 1989.

12

Allen P. Powanda, Assistant Public Defender, Bellefonte, for appellant.

Mark S. Smith, Assistant District Attorney, Bellefonte, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

Following a jury trial, the Appellant was convicted of involuntary manslaughter, homicide by vehicle, recklessly endangering another person, and various summary offenses. The Appellant was sentenced on these convictions to the following concurrent prison terms: 2½ to 5 years for involuntary manslaughter; 2½ to 5 years for homicide by vehicle; and 1 to 2 years for recklessly endangering another person.[1] The Appellant challenges the admission of certain

---

1. Appellant's brief is sixty-six pages long. Although we have reviewed the entire brief and closely considered each argument, Appellant's

photographs, expert testimony and his sentences. We affirm the convictions but vacate a portion of the sentence.

The relevant facts are as follows: The Appellant is a self-employed tractor-trailer operator who drives for North American Van Lines, Inc. As he was descending a mountain on Route 144, the brakes on his tractor-trailer failed. In order to stop his truck, he crossed over the center line toward a large yard adjacent to the left-hand side of the road. While attempting this maneuver, his tractor-trailer struck an oncoming automobile. The driver of this automobile was killed and three occupants were injured as a result of the accident.

At the scene of the accident, a Pennsylvania State Trooper and a truck mechanic conducted a preliminary examination of the Appellant's truck. Photographs were taken at the scene of the accident. The trooper arrested Appellant and ordered that his truck be impounded and towed to a local garage. Approximately 5 days later, the truck was examined pursuant to search warrants. This examination revealed several mechanical problems including: a defective air governor, leaky air relay valves, wear on the brake pads, and grease on the brake pads of the tractor-trailer's rear drive axle. During the Appellant's trial, the court admitted testimony and photographs in regard to the condition of the vehicle and the after-collision appearance of the victim's automobile. The trial court admitted these photos after denying the Appellant's Motion in Limine at a special hearing (Hearing testimony, p. 7).

■ The Appellant's first contention is that the trial court erred in admitting photographs of the accident scene into evidence which depicted the body of the deceased in her damaged car. Appellant argues that these photographs were inflammatory and that they had no probative value since they were not relevant to any issue in dispute.

In *Commonwealth v. Garcia*, 505 Pa. 304, 479 A.2d 473 (1984), the Pennsylvania Supreme Court stated:

counsel is cautioned that sixty-six pages clearly exceeds the allowable limit of fifty pages set forth in Pa.R.A.P. 2135(1).

14

The admission into evidence of photographs depicting the corpse of the homicide victim or the location and scene of the crime lies within the sound discretion of the trial judge. *See Commonwealth v. Hudson,* 489 Pa. 620, 630, 414 A.2d 1381, 1386 (1980); *Commonwealth v. Gilman,* 485 Pa. 145, 152, 401 A.2d 335, 339 (1979); *Commonwealth v. Gidaro,* 363 Pa. 472, 474, 70 A.2d 359, 360 (1950). A photograph which is admissible if "it is relevant and can assist the jury in understanding the facts." *Commonwealth v. Gilman,* 458 Pa. at 153, 401 A.2d at 339. A gruesome or potentially inflammatory photograph is admissible if it is of "such essential evidentiary value that [its] need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." *Commonwealth v. McCutchen,* 499 Pa. 597, 602, 454 A.2d 547, 549 (1982) (quoting *Commonwealth v. Petrakovich,* 459 Pa. 511, 521, 329 A.2d 844, 849 [1974]).

*Id.,* 505 Pa. at 313, 479 A.2d at 478. A trial court, in determining whether to admit photographs must apply a two-part analysis.

The trial judge must initially decide whether the photographs possess inflammatory characteristics. If they do not, the photographs are admissible as are any evidentiary items, subject to the qualification of relevance. If the photographs are deemed inflammatory, then the trial judge must decide whether the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of their inflaming the passions of the jurors.

*Commonwealth v. Hudson,* 489 Pa. at 630, 414 A.2d at 1386 (citations omitted).

The Pennsylvania Supreme Court has focused on the black and white aspect of photographs in deciding they are not inflammatory. *See Commonwealth v. Miller,* 490 Pa. 457, 417 A.2d 128 (1980); *Commonwealth v. Crawley,* 514 Pa. 539, 526 A.2d 334 (1987). In the case of *Commonwealth v. Faraci,* 319 Pa.Super. 416, 466 A.2d 228 (1983), our court focused on the black and white nature of the

photographs in question along with their lack of detail. In *Faraci*, we stated that the photographs in question:

... assist in depicting the room in which the deceased was killed, the position of the body and show neither his face nor wounds. Photographs of this nature have been deemed admissible. *Commonwealth v. Hudson*, supra, 319 Pa.Superior Ct. at 423, 466 A.2d at 232.

As to the opposite extreme, our court stated in *Commonwealth v. Frederick*, 327 Pa.Super. 199, 206, 475 A.2d 754, 761 (1984) that:

The fact that a photograph depicts the corpse of a victim does not render it inflammatory per se. "Rather the depiction must be of such a gruesome nature or be cast in such an unfair light that it would tend to cloud an objective assessment of the guilt or innocence of the defendant." *Commonwealth v. Hubbard*, 472 Pa. 259, 281, 372 A.2d 687, 697 (1977).

An example of an inadmissible inflammatory photograph is seen in the case of *Commonwealth v. Rogers*, 485 Pa. 132, 401 A.2d 329 (1979). In *Rogers*, the proffered photographs depicted in close and graphic detail the murder victim's distorted face blood, flesh, and brain scattered throughout the snow beside the victim's head. Our Supreme Court found these photographs inadmissible because they had no essential evidentiary value and were likely to inflame the passions of the jury.

In the instant case, we find that the photographs in question were not inflammatory. The photographs are not gruesome, and it is unlikely that they inflamed the passions of the jurors. The black and white photographs lack detail and reveal only portions of the victim's body including her hands, her hair and a small portion of her back. No blood is visible and the victim's body parts are not highlighted. In fact, it is not apparent that the portions of a body which can be viewed in the photographs are those of a corpse.

Because the photographs are not inflammatory, they must only satisfy the relevancy requirement to be properly admissible. Although all of the photographs in question

are not completely necessary, they all are relevant and have probative value. At the proceedings surrounding the Appellant's Motion in Limine, the Appellant's counsel admitted that the photographs have "very limited probative value." (N.T., 3/18/86, p. 3) As stated by the Commonwealth, the photographs are relevant to depict the victim's manner of death and "the extreme amount of force and weight which was being expressed by that truck upon the car." (N.T., 3/18/86, p. 5) The Commonwealth continued that "the risk which the Defendant in operating his truck took, the risk which he ran in terms of driving that truck is an essential part of the Commonwealth's case in that it goes toward his culpability ..." (*Id.*) Thus, the trial court did not err in admitting the photographs in question as they were relevant and not inflammatory.

◼ The Appellant next alleges that the trial court erred in admitting photographs and the testimony of a Commonwealth witness, mechanic James Corl, depicting the condition of the Appellant's tractor-trailer approximately five days after the accident in question. The Appellant argues that the Commonwealth failed to establish a chain of custody regarding the Appellant's vehicle and that the above evidence was not relevant to the condition of the truck at the time of the accident. In short, the Appellant contends that the condition of his truck did not remain the same between the time of the accident and the subsequent inspection. He further contends that the alleged change in his vehicle's condition rendered the above evidence irrelevant and inadmissible.

In the case of *Commonwealth v. Cugnini*, 307 Pa.Super. 113, 452 A.2d 1064 (1982) our court addressed the chain of custody problem and the need for a reasonable connection between proffered and true evidence. In *Cugnini*, our court stated:

> While the Commonwealth bears the burden of demonstrating some reasonable connection between the proffered exhibits and the true evidence, *Commonwealth v. Pedano*, 266 Pa.Super. 461, 467, 405 A.2d 525, 528 (1979),

it need not establish the sanctity of its exhibits beyond a moral certainty. *E.g., Commonwealth v. Miller,* 234 Pa.Super. 146, 155, 339 A.2d 573, 578 (1975), aff'd, 469 Pa. 24, 364 A.2d 886 (1976). The Commonwealth need not produce every individual who came into contact with an item of evidence, nor must it eliminate every hypothetical possibility of tampering. *Commonwealth v. Rick,* 244 Pa.Super. 33, 38, 366 A.2d 302, 304 (1976). A complete chain of custody is not required so long as the Commonwealth's evidence, direct and circumstantial, establishes a reasonable inference that the identity and condition of the exhibits have remained the same from the time they were first received until the time of trial. *Commonwealth v. Oates,* 269 Pa.Super. 157, 163, 409 A.2d 112, 115 (1979); *Commonwealth v. Miller,* supra. Any gaps in testimony regarding the chain of custody go to the weight to be given the testimony, not to its admissibility. *Commonwealth v. Bolden,* 486 Pa. 383, 388–89, 406 A.2d 333, 335–36 (1979).

*Commonwealth v. Cugnini,* 307 Pa.Superior Ct. at 116–117, 452 A.2d at 1065.

The key words in the above passage are "reasonable inference." The Commonwealth must only create a reasonable inference that the chain of custody was not broken in order to introduce the evidence in question. At trial, the Commonwealth's expert witness testified that the vehicle's condition was not altered by the accident itself, the post-accident towing of the vehicle, or the post-accident tests conducted on the vehicle (N.T., 3/20/86, pp. 173, 178, 201–02, 205). In short, the Commonwealth's expert offered relevant testimony and relevant photographs to create a reasonable inference that the condition of the vehicle's brakes had not changed between the time immediately prior to the accident and the time of the inspection.

In automobile-related accident cases, it is unrealistic to expect an immediate post-accident inspection in which the chain of custody is unquestioned and certain. It would be unjust for us to rule that this crucial piece of evidence is

inadmissible based solely on the Appellant's allegations of problems in the chain of custody. Because the Commonwealth has created a reasonable inference that the chain of custody was unbroken and that the vehicle was not altered prior to the subsequent inspection, the evidence in question must be considered relevant and admissible. The Appellant's allegations of problems in the chain of custody go to the weight of the evidence, and it is jury's duty to balance these allegations against the reasonable inference of an unaltered chain of custody.

In this appeal, the Appellant also questions the sufficiency of the evidence to support his convictions for involuntary manslaughter, homicide by vehicle, and recklessly endangering another person. Furthermore, the Appellant alleges that the verdicts for these three convictions were contrary to the weight of the evidence.

A study of the record indicates that the trial court properly addressed and disposed of these issues. The trial transcript reveals adequate evidence to support the Appellant's convictions for all three offenses. Furthermore, in its opinion, the trial court succinctly and adequately set forth the important evidence supporting the Appellant's conviction. We see no need to further elaborate on the trial court opinion as it has carefully addressed and properly reflected these issues. We therefore affirm on the trial court's opinion concerning the issues dealing with the weight and sufficiency of the evidence.

■ The Appellant contends that the trial court violated his rights under the double jeopardy clauses of the United States and Pennsylvania Constitutions by imposing sentences on both the involuntary manslaughter and homicide by vehicle convictions. It must be noted that the trial court issued an opinion and order following the sentencing hearing that vacated the homicide by vehicle sentence. However, as the Appellant notes in his brief, the trial court did not issue an order granting reconsideration within the time prescribed by the Pennsylvania Rules of Appellate Procedure. See Pa.R.A.P. §§ 1701(b)(3)(ii), 903. The record re-

veals that the trial court did not issue a reconsideration order within 30 days following its sentencing hearing. Thus, the trial court's order vacating sentence lacks binding effect.

■ Upon careful consideration of this issue, we find that the trial court's untimely decision to vacate the Appellant's sentence for homicide by vehicle was correct. In the similar case of *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981), the Pennsylvania Supreme Court stated:

> These relaxed degrees of culpable conduct and causation set forth in the crime of homicide by vehicle are necessarily established by proof of the more stringent counterparts contained in the crime of involuntary manslaughter. Thus, under the constitutional prohibitions against double jeopardy, punishment for homicide by vehicle cannot coexist with punishment for involuntary manslaughter. 496 Pa. at 349, 437 A.2d at 387.

See also, *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 51, 488 A.2d 293, 303 (1985) (Sentences of 2½ to 5 years for homicide by vehicle and 2½ to 5 years for involuntary manslaughter cannot constitutionally stand together).

Once our court determines that a sentence is illegal or unconstitutional, we may either remand for resentencing or vacate and amend the sentence directly. *Commonwealth v. Padden*, 335 Pa.Super. 51, 483 A.2d 950 (1984). In the case of *Commonwealth v. Hernandez*, supra, our court was faced with a similar dilemma and reasoned:

> Both crimes (homicide by vehicle and involuntary manslaughter) are misdemeanors of the first degree and the maximum sentence of five years was given by the trial court for both crimes. Therefore, it is clear that the trial court could not have increased appellant's sentence for involuntary manslaughter had it known that the homicide by vehicle sentence would be found to be illegal. 339 Pa. Superior Ct. at 51, 488 A.2d at 303.

Likewise, in the instant case, the trial court imposed the maximum sentence for both crimes. Also, the trial court's intentions for correcting its sentence are made evident in its

invalid order and opinion. Accordingly, we partially reverse the trial court's original judgment of sentence by vacating its sentence for the homicide by vehicle conviction.

In regard to sentencing, the Appellant also contends that the trial court abused its discretion in its imposition of sentence for all three of the above convictions. In addition, the Appellant contends that the trial court erred at the sentencing hearing by failing to state the reasons it imposed a sentence beyond the guidelines. After a careful review of the sentencing hearing transcript, we find these claims meritless.

Initially, we note that the Appellant has included in his brief a separate statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. 42 Pa.C.S. § 9781(b); Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). As the Appellant has satisfied this initial requirement, we are able to consider the merits of his claim.

It is well-established in Pennsylvania that sentencing is a matter vested in the sound discretion of the trial court and that a trial court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion. *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *alloc. den.* 516 Pa. 632, 533 A.2d 91 (1988). When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Commonwealth v. Fries*, 362 Pa.Super. 163, 523 A.2d 1134 (1987), *alloc. den.* 515 Pa. 619, 531 A.2d 427 (1988).

Our review of the sentencing hearing in the instant case reveals that the trial court adequately considered all the relevant criteria. At this extensive hearing, the trial court was able to scrutinize the testimony of witnesses for the Commonwealth and the Appellant, the testimony of the Appellant, accident reports, the Appellant's driving record, an elaborate statement by Appellant's counsel as to the

Appellant's character and personal background and suggested sentencing procedures, and numerous letters regarding the Appellant's character. Furthermore, before imposing sentence, the trial judge stated the reasons for the sentence (S.T., pp. 45-6). The court emphasized the nature of the crime committed and the grave danger imposed on innocent motorists when fundamental safety precautions are not taken. Therefore, we cannot conclude that the trial court abused its discretion in imposing sentence or erred in not stating its reasons for the sentence.

In light of the above analysis, we affirm the trial court on all issues save the one dealing with the trial court error in imposing the maximum sentences for both involuntary manslaughter and homicide by vehicle. As to this issue, we vacate the Appellant's sentence for the homicide by vehicle conviction.

Judgment of sentence for homicide by vehicle is vacated. Judgment of sentence for involuntary manslaughter and recklessly endangering another person is affirmed.