J. S21038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
               :     PENNSYLVANIA
       v.       :
               :
THEODORE WOODALL,     :    No. 1460 EDA 2018
               :
      Appellant   :

Appeal from the Judgment of Sentence, December 11, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1208311-2003

BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED JULY 11, 2019**

Theodore Woodall appeals from the December 11, 2017 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following appellant's convictions of two counts of aggravated assault and one count each of carrying firearms on public streets or public property without a license in Philadelphia and possessing instruments of crime.[1]

A jury convicted appellant of the aforementioned crimes on September 23, 2004.  On November 22, 2004, the trial court sentenced appellant to an aggregate term of 21 to 42 years' imprisonment.  Appellant did not file any post-sentence motions.  On December 29, 2004, appellant filed a **pro se** notice of appeal to this court, which we quashed as untimely

---

[1] 18 Pa.C.S.A. §§ 2702(a), 6108, and 907(a), respectively.

filed. *See Commonwealth v. Woodall*, No. 148 EDA 2005, unpublished memorandum (Pa.Super. filed December 29, 2004).

Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA")[2] on October 24, 2005. The trial court ultimately dismissed appellant's petition without a hearing on September 22, 2006. Appellant appealed the dismissal of his petition to this court on October 23, 2006. We vacated the PCRA court's dismissal and remanded so that counsel could be appointed. *See Commonwealth v. Woodall*, No. 3298 EDA 2006, unpublished memorandum (Pa.Super. filed November 16, 2010). On remand, the trial court reinstated appellant's direct appeal rights *nunc pro tunc* on February 20, 2013. Appellant filed a direct appeal of his judgment of sentence on February 21, 2013. We affirmed appellant's judgment of sentence on July 2, 2014. *See Commonwealth v. Woodall*, 105 A.3d 781 (Pa.Super. 2014) (unpublished memorandum). Our supreme court denied appellant's petition for allowance of appeal on November 13, 2014. *See Commonwealth v. Woodall*, 104 A.3d 4 (Pa. 2014).

Appellant filed a petition pursuant to the PCRA on February 12, 2015, which the trial court dismissed. Appellant appealed the dismissal of his PCRA petition to this court. We vacated appellant's judgment of sentence and remanded so that appellant could be resentenced without consideration of the mandatory minimum sentencing provision of 42 Pa.C.S.A. § 9712 pursuant to

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

***Alleyne v. United States***, 570 U.S. 99 (2013), and its progeny. ***See Commonwealth v. Woodall***, 168 A.3d 363 (Pa.Super. 2017) (unpublished memorandum). The trial court held a re-sentencing hearing on December 11, 2017, during which it sentenced appellant to an aggregate term of 21 to 42 years' imprisonment.

Appellant filed a timely post-sentence motion on December 21, 2017, which the trial court denied by operation of law on April 20, 2018. On May 17, 2018, appellant filed a timely notice of appeal to this court. The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), nor did it file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

> Did the [trial court] err in failing to state on the record any reasons for deviating from the sentencing guidelines other than to say that it was re-imposing the sentence of the previous judge?

Appellant's brief at 9.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> *Commonwealth v. Hoch*, 936 A.2d 515, 517-18
> (Pa.Super. 2007) (citation omitted).
>
> The right to appellate review of the discretionary
> aspects of a sentence is not absolute, and must be
> considered a petition for permission to appeal. *See
> Hoch*, 936 A.2d at 518 (citation omitted). An
> appellant must satisfy a four-part test to invoke this
> Court's jurisdiction when challenging the discretionary
> aspects of a sentence.
>
> > [W]e conduct a four-part analysis to
> > determine: (1) whether appellant has
> > filed a timely notice of appeal;
> > (2) whether the issue was properly
> > preserved at sentencing or in a motion to
> > reconsider and modify sentence;
> > (3) whether appellant's brief has a fatal
> > defect; and (4) whether there is a
> > substantial question that the sentence
> > appealed from is not appropriate under
> > the Sentencing Code.
>
> *Commonwealth v. Moury*, 992 A.2d 162, 170
> (Pa.Super. 2010) (citations omitted).

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015), quoting *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-1266 (Pa.Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014).

Here, appellant timely filed a notice of appeal, preserved his issues in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. We must now determine whether appellant raised a substantial question. "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is

contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014), quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super. 2012) (citations and internal quotation marks omitted). Here, appellant avers that the trial court deviated substantially from the sentencing guidelines. (Appellant's brief at 15.) We find that appellant has raised a substantial question, and we will proceed to consider appellant's issue on its merits.

> The sentencing court is permitted to deviate from the sentencing guidelines; however, the court must place on the record its reasons for the deviation. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Byrd*, [] 657 A.2d 961 ([Pa.Super.] 1995). In sentencing outside of the guidelines, the court must demonstrate that it understands the sentencing guidelines ranges. *Id.*; *Commonwealth v. Johnson*, [], 666 A.2d 690 ([Pa.Super.] 1995); *Commonwealth v. Frazier*, [], 500 A.2d 158 ([Pa.Super.] 1985); *Commonwealth v. Royer*, [] 476 A.2d 453 ([Pa.Super.] 1984). Where the trial judge deviates from the sentencing guidelines . . . he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range. *Commonwealth v. Royer*, [] 476 A.2d [453,] 457 [(Pa.Super. 1984)].

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa.Super. 2009).

Here, the trial court imposed the following sentence: 7½ to 15 years' incarceration for two counts of aggravated assault, 3½ to 7 years' incarceration for carrying firearms on public streets or public property in

Philadelphia, and 2½ to 5 years' incarceration for the possessing an instrument of crime conviction. (Notes of testimony, 12/11/17 at 70.) The trial court ordered appellant's sentences to run consecutively, thereby imposing an aggregate sentence of 13½ to 27 years' imprisonment. (***Id.***)

Appellant specifically contends that the trial court abused its discretion because it "did not consider the guidelines and did not state any reasons for the deviation." (Appellant's brief at 18.) Appellant, however, failed to include any discussion as to how appellant's sentence compares to the sentencing guidelines or how the trial court deviated from the guidelines. The Commonwealth argues that the trial court sentenced appellant to a term consistent with the aggravated range of the sentencing guidelines. (Commonwealth's brief at 15-16.)

The record reflects that appellant's prior record score was 4 and his aggravated assault conviction carries an offense gravity score of 11. The sentencing guidelines in effect at the time the crimes were committed for aggravated assault established an aggravated sentencing range of 72 to 90 months' imprisonment. ***See*** 204 Pa.Code § 303.16 (repealed June 3, 2005). Here, the trial court sentenced appellant to a minimum sentence of 90 months, or 7½ years' imprisonment, for each of his two aggravated assault convictions, to be served consecutively. Because the trial court's sentence did not deviate from the sentencing guidelines, we find that appellant's claim is without merit.

In its brief, the Commonwealth raises an additional issue for our review. The Commonwealth contends that the trial court imposed an illegal sentence for appellant's conviction of carrying a firearm in public in Philadelphia ("Section 6108"). (Commonwealth's brief at 16.) As noted above, the trial court sentenced appellant on this conviction to 3½ to 7 years' imprisonment. The Commonwealth avers that this sentence exceeds the statutory maximum. (*Id.*)

Preliminarily, we note that appellant did not raise this issue on appeal. Because this issue addresses the legality of appellant's sentence, we shall nonetheless proceed to consider the issue on its merits, as issues pertaining to the legality of sentence cannot be waived. *See Commonwealth v. Succi*, 173 A.3d 269, 284 (Pa.Super. 2017), *appeal denied*, 188 A.3d 1121 (Pa. 2018), citing *Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa.Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013).

Section 6108 is a first-degree misdemeanor. 18 Pa.C.S.A. § 6119. The statutory maximum sentence for a conviction of a first-degree misdemeanor is five years' imprisonment. 18 Pa.C.S.A. § 1104(1). Accordingly, the trial court imposed an illegal sentence upon appellant for his conviction of Section 6108. Therefore, we vacate the judgment of sentence only as it pertains to appellant's conviction for Section 6108.

The Commonwealth requests that this court vacate appellant's sentence for Section 6108 and modify the trial court's sentence to reflect the applicable

statutory maximum. (Commonwealth's brief at 16.) In support of its request, the Commonwealth cites a litany of cases supporting its contention that we need not remand for resentencing because we can amend the illegal sentence. (Commonwealth's brief at 17, citing *Commonwealth v. Huckleberry*, 631 A.2d 1329, 1334 (Pa.Super. 1993); *Commonwealth v. Kozrad*, 499 A.2d 1096, 1099 (Pa.Super. 1985); *Commonwealth v. Alarie*, 547 A.2d 1252, 1256 (Pa.Super. 1989).)

> An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it and **may** remand the matter. 42 Pa.C.S.A. § 706. If our disposition upsets the overall sentencing scheme of the trial court, we **must remand** so that the court can restructure its sentence plan. *Commonwealth v. Williams*, 871 A.2d 254, 266, 267 (Pa.Super. 2005). By contrast, if our decision does not alter the overall scheme, there is no need for a remand. *Commonwealth v. Robinson*, 817 A.2d 1153, 1163 n.14 (Pa.Super. 2003).

*Commonwealth v. Thur*, 906 A.2d 552, 569-570 (Pa.Super. 2006) (emphasis added), *appeal denied*, 946 A.2d 687 (Pa. 2008).

Here, because we are vacating appellant's judgment of sentence with regards to the Section 6108 conviction, our decision upsets the overall sentencing scheme of the trial court, as our action affects the length of appellant's aggregate sentence. In the cases cited by the Commonwealth, the judgments of sentence that were vacated were part of concurrent sentencing schemes; therefore, our decisions in those cases did not alter the overall sentencing scheme and remand was not required.

Judgments of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/19