J-A20024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
             v.   :
  :
  :
SEAN J. HANNON   :
  :
            Appellant   :   No. 92 EDA 2022

Appeal from the PCRA Order Entered September 7, 2021
In the Court of Common Pleas of Wayne County
Criminal Division at No:  CP-64-CR-0000366-2017

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:               **FILED MARCH 10, 2023**

Appellant, Sean J. Hannon, appeals *nunc pro tunc* from the September 7, 2021 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On November 5, 2017, the Commonwealth charged Appellant with two counts of endangering the welfare of children ("EWOC"), one count of driving under the influence ("DUI")—general impairment, two counts of recklessly endangering another person ("REAP"), one count of driving on a suspended license, and one count of permitting an unlicensed driver to operate his vehicle.[1]  Stated briefly, Appellant, while intoxicated and driving on a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4304(a)(1), 75 Pa.C.S.A. § 3802(a)(1), 18 Pa.C.S.A. § 2705, 75 Pa.C.S.A. §§ 1543(b)(1) and 1574(a), respectively.

suspended license, permitted his 11-year old daughter to drive for him. Appellant's 8-year-old son was in the vehicle at the time. Appellant's daughter crashed at low speed into a pine tree. These facts came from an eyewitness who became concerned about the vehicle's erratic maneuvering. The witness observed the daughter driving, both children fleeing from the car after the crash, and Appellant discarding a whiskey bottle at the scene.

After Appellant's apprehension and a blood test revealing a blood alcohol content ("BAC") of .228, the Commonwealth added a charge of DUI—highest rate of alcohol.[2] At the conclusion of trial, the jury found Appellant guilty of all charges. On October 4, 2018, the trial court imposed seven to fifteen years of incarceration. This Court affirmed on December 30, 2019. *Commonwealth v. Hannon*, 3497 EDA 2018 (Pa. Super. 2019) (unpublished memorandum). Our Supreme Court denied allowance of appeal on June 1, 2020.

Appellant filed a timely *pro se* PCRA petition on June 10, 2020, followed by an amended, counseled petition on December 29, 2020. The PCRA court conducted a hearing on April 26, 2021. The PCRA court permitted Appellant to file this *nunc pro tunc* counseled appeal after original PCRA counsel withdrew. Appellant presents two questions for our review:

---

[2] 75 Pa.C.S.A. § 3802(c).

I. Did the trial court err in determining that [Appellant] is not entitled to PCRA relief in that he did not meet his burden of proof?

II. Did the trial court err in determining that trial counsel did not render ineffective assistance of counsel, and did the trial court err by failing to address the cumulative nature of the errors?

Appellant's Brief at 7.

Our standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015), ***appeal denied***, 123 A.3d 331 (Pa. 2015).

Counsel is presumed effective. To overcome this presumption, the petitioner must plead and prove by a preponderance of the evidence that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction, and (3) counsel's errors prejudiced the petitioner. ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013). To establish that counsel's errors were prejudicial, the petitioner must show there is a "reasonable probability" that, but for counsel's errors, the outcome of the underlying proceeding would have been different. ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013).

A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)).

Appellant argues trial counsel was ineffective for stipulating to the evidence of Appellant's BAC, as there was a discrepancy in the chain of custody of Appellant's blood sample. Appellant's Brief at 15. The documentation of Appellant's BAC, admitted a trial pursuant to the parties' stipulation, reflects that the laboratory that tested Appellant's blood did not receive the sample until two days after it was taken. Appellant claims there is no evidence as to how the sample was handled in the interim. Appellant further claims that counsel offered no reasonable strategic basis in support of his action at the PCRA hearing, and that counsel's action was prejudicial because it resulted in a conviction for DUI—highest rate of alcohol, rather than DUI—general impairment.

The only law Appellant cites in support of his argument is *Commonwealth v. Barton-Martin*, 5 A.3d 363 (Pa. Super. 2010), *appeal denied*, 30 A.3d 486 (Pa. 2011). In that case, this Court held that the defendant's Sixth Amendment right to confront the witnesses against him was violated where the trial court admitted BAC evidence based on the testimony of a hospital's records custodian, but without the testimony of the laboratory technician who performed the blood test. *Id.* at 368-70 (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)).

*Barton-Martin* is inapposite here, precisely because Appellant stipulated to the admissibility of the BAC report. Appellant was not denied the right to examine a critical witness, as in *Barton-Martin*. Rather, he claims counsel was ineffective for effectively waiving that right. The fatal flaw in that claim is that Appellant did not call any witness, or even identify any witness, who might have substantiated his claim that his blood sample was mishandled. Appellant produced no evidence that the whereabouts of his blood sample could not be accounted for during the two-day delay between the blood draw and its testing. Nor did Appellant produce evidence to challenge the accuracy of the BAC test, nor did he produce evidence to support a claim that the tested blood was not his.

Cognizant of the foregoing, the PCRA court explained:

> I believe the primary argument is that Attorney Price should have filed a motion to suppress because the chain of custody evidence, if you will, demonstrated at least by documents attached to the transcript and admitted as exhibits that there was a break in the chain that would have kept the results out of trial. Specifically, there was a two-day difference between what the documents indicated the date on which the blood was collected and the date that the trooper wrote down that he logged the blood in and delivered it to the lab for testing. So the two-day discrepancy is essentially the nuts and bolts of the meat of that argument. And so I find that unavailing for several reasons.
>
> First, **[Appellant] pointed out the discrepancy in the documents but did not further develop this claim.** Specifically, he did not demonstrate that there was in actuality a break in the chain of a type and magnitude that would have kept the evidence out at trial. There was nothing indicated that there was anything other than some type of difference in dates that was presented, and there was nothing that indicated how this matter specifically affected him either as a practical matter or a legal

- 5 -

matter. And as I indicated, I do not find credible the bold and bald statement that the blood might have been someone else's. Similarly, there was no legal argument for the general assertion that the blood would have been suppressed. And as I noted, there was nothing to establish an actual break in the chain of a type that would have kept the evidence out at trial. In this regard, I think as the attorneys know, chain of custody matters as a general rule anyway go much more to the weight of the evidence than they do the admissibility while there needs to be a proper foundation. If there is some glitch in the chain of title, unless it reaches a certain level, it really becomes an argument as to the weight that should be afforded to the evidence and not admissibility.

N.T. Hearing, 8/30/21, at 22-24 (emphasis added).

The PCRA court was correct in stating that gaps in the chain of custody go to the weight, rather than admissibility of the evidence in question. ***Commonwealth v. Cugini***, 452 A.2d 1064, 1065 (Pa. Super. 1982) (holding that "[a] complete chain of custody is not required […] [a]ny gaps in the chain of custody go to the weight to be given the testimony, not its admissibility"). Appellant does not address this in his brief. Rather, he baldly asserts that counsel's stipulation to the admissibility of the BAC evidence, despite the two-day gap between the retrieval of the blood sample and its testing at the lab, was sufficient to prove all three prongs of the ineffective assistance of counsel analysis. Because Appellant bore the burden of pleading and proving his ineffective assistance of counsel claim, and because he has failed to develop any legal or factual support for it,[3] we affirm the PCRA court's order.

_____

[3] Likewise, there is no merit to Appellant's argument based on the cumulative nature of counsel's errors. Appellant's appellate brief argues only one error—
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/10/2023</u>

---

counsel's stipulation to the BAC evidence—and we have found that assertion to be without merit.